1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH OBERDIECK, | ) 1:10c01692 AWI DLB |
| | ) |
| Plaintiff, | ) ORDER REGARDING |
| | ) PETITION FOR FEES |
| vs. | ) |
| | ) (Documents 23, 25) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on an application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on March 22, 2012, by Plaintiff Keith Oberdieck ("Plaintiff"). Defendant filed an opposition on April 23, 2011, arguing that the Government's position was substantially justified and that the fee requested is unreasonable. Plaintiff did not file a reply.

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.

### BACKGROUND

Plaintiff filed the instant Complaint challenging the denial of benefits on September 15, 2010.

1

On August 8, 2011, the Court issued Findings and Recommendations that the appeal be granted.  The Court adopted the Findings and Recommendations on December 23, 2011.  The action was remanded for further proceedings and the ALJ was instructed to properly evaluate the medical evidence and to properly consider Plaintiff's subjective complaints and lay witness testimony.

By this motion, Plaintiff seeks a total of $9,789.82 in attorneys' fees for 54.7 hours of attorney time and $350.00 in costs.

## DISCUSSION

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the number of hours reasonably expended.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

A.    Substantial Justification

To show substantial justification for conduct, the Commissioner has the burden of establishing that the conduct had a reasonable basis both in law and fact based on the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation.  *Hardisty v. Astrue,* 529 F.3d 1072 (9th Cir. 2010); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).  The Commissioner is substantially justified if his position met "the traditional reasonableness standard-that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.

2002) (internal citations omitted).  The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially ... justified ... if it has a reasonable basis in law and fact."  Id. (citing Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988)).  The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand."  *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

Here, the Court remanded on three issues: (1) analysis of Plaintiff's credibility; (2) analysis of the treating physician's opinion; and (3) analysis of lay witness testimony.

In finding error in the ALJ's rejection of Plaintiff's testimony, the Court determined that five out of the six reasons cited by the ALJ were improper.  In fact, after finding that the ALJ improperly relied on Plaintiff's failure to lose weight, the Court noted that the Commissioner's arguments in opposition disregarded SSR 02-1p and failed to discuss relevant case law.  Defense of an ALJ's failure to comply with laws or regulations lacks substantial justification.  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259–60 (9th Cir.2001).

As to Dr. Cook's opinion, the Court found, in part, that the Commissioner's reliance on a "goal" was flawed.  The ALJ had discounted Dr. Cook's assessment because it was not supported by his treatment notes, explaining that his limitation to 15 minutes of standing and walking was inconsistent with his note that Plaintiff's "goal was to do aerobic exercise for 30 minutes a day."  The Court found that the 30 minutes was a "goal" and that the evidence did not demonstrate that Plaintiff could, in fact, exercise for 30 minutes a day.  Given the obvious definition of the word "goal," the Commissioner's contention did not have a reasonable basis in law or fact for at least a portion of his argument.  *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir.2007) ("[T] he government must show that all of these positions were substantially justified in order to avoid an award of EAJA fees.").

Finally, the Court found error in the ALJ's failure to address the portions of the lay witness testimony that supported limitations identified by both Plaintiff and his treating

physicians.  The Court concluded that the ALJ failed to explain why he rejected this testimony and improperly discussed only evidence to support his conclusion.  The Commissioner believes that his position was reasonable considering the ALJ addressed a large portion of the testimony. The Court finds that this position is reasonable given the somewhat vague instructions regarding lay witness testimony, though it does not change the ultimate finding that the Commissioner's position was not substantially justified for the reasons set forth above.  *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir.2007).

Accordingly, the Commissioner's position was not substantially justified.

B.    Reasonableness of Request

Plaintiff requests a total $9,789.82 for 54.7 hours of attorney time spent litigating this action.  Plaintiff also requests costs in the amount of $350.00.  In support of his request, Plaintiff submits the declaration of his attorney, Sengthiene Bosavanh.

1.    *Excessive Time Spent Between Filing Complaint and Answer*

The Commissioner first objects to 2.2 hours spent between September 15, 2010, and November 9, 2010.  This time was spent reviewing basic Court filings related to the application to proceed in forma pauperis, consent documents, and service documents.  The entries also include time spent preparing service documents.

While these are compensable tasks, the Court agrees that 2.2 hours is excessive given the simplicity of the tasks.  The Court has previously explained that reviewing Court documents is a necessary attorney task, but has questioned the total amount of time spent on such tasks resulting from the method of billing in one-tenth of an hour increments.  Here, Counsel has billed a total of 2.2 hours, almost half of which was billed in separate .1 entries for simply glancing at common Court documents or service documents.  Moreover, on October 5, 2010, there are *five* separate .1 entries for reviewing Court and service documents.  This time is excessive and the

Court finds that 1.0 hour is reasonable compensation for reviewing Court documents and completing service. *See eg. Lingenfelter v. Astrue*, 2009 WL 2900286 (C.D. Cal. 2009).

    2.    *Time Spent Reviewing Administrative Record and Preparing Briefing*

The Commissioner next objects to 41 hours of time spent researching and preparing the Confidential Letter Brief, Opening Brief and Reply Brief. The Commissioner points to Counsel's experience, the routine nature of the issues presented, the necessary overlap between the Confidential Letter Brief and the Opening Brief, and the repetitive nature of the Reply Brief.

Here, Counsel spent 13.6 hours reviewing the ALJ's decision and transcript, researching issues and preparing the Confidential Letter Brief. The Court has often noted that preparing the Confidential Letter Brief likely frames the issues and allows some cross-over for the Opening Brief. This suggests that the additional 14.6 hours spent in preparation of the Opening Brief is excessive. While the Court appreciates the need to re-examine materials, analyze the Commissioner's response to the Confidential Letter Brief and spend additional time preparing the Opening Brief, an additional 14.6 hours is excessive.

The Opening Brief was 21 pages and presented five well-developed issues. In fact, the Court found in favor of Plaintiff on a majority of the issues. Based on the prior time spent in preparation of the Confidential Letter Brief and the relatively routine nature of the issues presented in the Opening Brief, however, the Court finds that this time should be reduced to 10.0 hours.

Counsel spent an additional 12.8 hours on the Reply Brief. As this Court has explained previously, Counsel often unnecessarily repeats arguments in the reply that were already thoroughly presented in the Opening Brief. In this action, however, a majority of the 10 page Reply Brief responded to arguments made by the Commissioner. Counsel also needed to respond to the Commissioner's presentation of additional evidence, evidence that Plaintiff

believed was improperly submitted.  Nonetheless, 12.8 hours is excessive and the Court finds that 10 hours is reasonable compensation.

### **AWARD**

Plaintiff's motion is GRANTED.  Plaintiff is entitled to an award in the total amount of $8,601.38, broken down as follows:

2010:   5.4 hours at $175.06 per hour = $945.32

2011:   40.7 hours at $179.51 per hour = $7,306.06

Costs: $350.00

This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

IT IS SO ORDERED.

Dated:   **August 9, 2012**                              /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE

6